UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TINGBO ZHANG,

      *Petitioner*,

v.                                                         Case No. 3:26-cv-1587-WWB-MCR

U.S. ATTORNEY GENERAL, et al.,

      *Respondents*.

_____

**ORDER**

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at Baker County Detention Center.  (*Id.*).  According to Petitioner, ICE detained her on January 1, 2026, and her removal order became final on February 23, 2026.  (*Id.* at 4).  She contends that she remains in ICE custody and her prolonged detention has violated her due process rights seemingly under the purviews of *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (*Id.* at 5).

In *Zadvydas*, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns.  533 U.S. 678.  Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time.  *Id.* at 701.  The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation.  *Id.*  "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

The "removal period" begins on the latest of three dates: (1) the date on which the order of removal becomes administratively final; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *See* 8 U.S.C. § 1231(a)(1)(B); *see also* 8 C.F.R. § 1241.1(a)–(f) (outlining the procedural circumstances that render a removal order final). The Attorney General must detain an alien during his removal period. *See* 8 U.S.C. § 1231(a)(2).

Here, Petitioner's "removal period" began on February 23, 2026, the date she contends that her removal order became final. When Petitioner filed the Petition on June 17, 2026, she had been in post-removal-order custody for 114 days (excluding the date on which the Petition was filed). Thus, any *Zadvydas* claim in this action is not yet ripe and is dismissed without prejudice as premature.

Also, to the extent Petitioner seeks to raise a freestanding procedural or substantive due process claim, the Court notes that when the Supreme Court confronted

2

the constitutional perils of indefinite immigration detention in *Zadvydas*, it did not instruct lower courts to start weighing the process afforded to the detainee.  It set a timer.  For the first six months, detention is presumptively reasonable.  *Zadvydas*, 533 U.S. at 701.  So, until that timer goes off, *Zadvydas* itself seemingly supplies the constitutional metric. *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020).  "In other words, the *Zadvydas* standard is due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation."  *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024).  Thus, any independent due process claim fails

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) and this case are **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on July 6, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:     Tingbo Zhang, A208520246

3